## Huse *et al.*, appellants, v. Guyot *et al.*

*Payment by a debtor of his debt to sheriff on execution against creditor — Partnership — proof of joint liability.*

One voluntarily paying, under section 293 of the Code, a debt owing by him to another, upon an execution in the hands of the sheriff against his creditor, will not be allowed to have the benefit of such payment as against a prior assignee of the demand in good faith.

A recovery cannot be had against defendants sued as partners without proof of a joint liability.

Appeal from the judgment of the county court of Jefferson county reversing a justice's judgment. The plaintiffs, Frederick Huse and George Huse, under the name of " Huse Brothers," sued the defendants, Minor Guyot, Edward G. Short, Mary A. Rulison and William S. Rulison, as copartners under the name of the " Guyot Coupling Company," to recover a debt due from the defendants, to one Orlando Robinson, for work, and formally assigned to one of the plaintiffs for the benefit of both. Two of the defendants appeared and put in an answer denying all the allegations of the complaint; secondly, alleging that the claim was paid, and satisfied; and lastly, that before the defendants had notice of the transfer they paid the sheriff $41 on an execution he had against said Robinson, in favor of Babcock & Clark, plaintiffs therein, and took his receipt therefor.

The jury returned a verdict for this $41, disallowing the payment to the sheriff. The county court reversed the judgment entered upon the verdict, for the reason that there was no legal proof of the partnership of the defendants, and for the error of the justice in receiving evidence objected to, tending to prove the partnership

*H. J. Welsh*, for appellants.

*Fulton & Kilby*, for respondents.

Morgan, J.

(In part.) " The judgment was clearly right upon the merits, if the jury believed that the plaintiffs became assignees of the demand in good faith before the defendant paid it to the sheriff, whether the defendant had notice of the assignment or not.

They paid it voluntarily, Grover, J., in *Baker* v. *Kenworthy*, 41

N. Y. 219, and will not be allowed to have the benefit of it as against a prior assignee in good faith. *Robinson* v. *Weeks*, 6 How. 161."

The remainder of the opinion is devoted to a consideration of the evidence and, the objections raised thereupon, and the court held, that the joint liability of defendants was not established. The judgment of the county court was affirmed.

*Judgment affirmed.*